Richard Lee TABLER, Petitioner–
Appellant

v.

William STEPHENS, Director, Texas
Department of Criminal Justice, Cor-
rectional Institutions Division, Re-
spondent–Appellee.

No. 12–70013.

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 2015.

Marcia Adele Widder, Atlanta, GA, for
Petitioner–Appellant.

Fredericka Searle Sargent, Assistant
Attorney General, Office of the Attorney
General, Austin, TX, for Respondent–Ap-
pellee.

Before DENNIS, CLEMENT, and
OWEN, Circuit Judges.

PER CURIAM: *

In light of the Supreme Court's decision
in *Christeson v. Roper*, 574 U.S. ——, 135
S.Ct. 891, —— L.Ed.2d ——, 2015 WL
232187 (2015) (per curiam), we VACATE
IN PART our previous opinion denying
Richard Tabler's petition for a Certificate
of Appealability, *Tabler v. Stephens*, 2014
WL 4954294 (5th Cir.2014) (unpublished).
We now hold that the equitable rule estab-
lished in *Martinez v. Ryan*, —— U.S. ——,
132 S.Ct. 1309, 1315, 182 L.Ed.2d 272
(2012), that "[i]nadequate assistance of

counsel at initial-review collateral proceed-
ings may establish cause for a prisoner's
procedural default of a claim of ineffective
assistance at trial," logically extends to
ineffective assistance of habeas counsel
that prevents an initial-review collateral
proceeding from ever taking place. Be-
cause Tabler's attorneys for his state habe-
as proceedings were also his attorneys for
his federal habeas proceedings, they faced
a conflict of interest that could have pre-
vented them from arguing that their per-
formance in Tabler's competency hearing
was deficient, and, accordingly, Tabler's
statutory right to counsel was violated.
*See Christeson*, 574 U.S. at ——, 135 S.Ct.
at ——. We hereby VACATE IN PART
the district court's judgment and RE-
MAND the case to the district court solely
to consider in the first instance whether
Tabler, represented by his new counsel
Widder or other unconflicted counsel, can
establish cause for the procedural default
of any ineffective-assistance-of-trial-coun-
sel claims pursuant to *Martinez* that he
may raise, and, if so, whether those claims
merit relief.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.